```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :    **MEMORANDUM OPINION**
v.                                  :    **AND ORDER**
                                    :
VOLVY SMILOWITZ, a/k/a "Zev Smilowitz,"  :    S1 16 CR 818 (VB)
                            Defendant.  :
--------------------------------------------------------------x
```

Briccetti, J.:

On June 18, 2018, defendant pleaded guilty to conspiracy to corrupt the electoral process in violation of 18 U.S.C. § 371.  Specifically, defendant admitted he conspired with others to submit false and paid-for voter registrations for the purpose of electing local officials in the tiny village of Bloomingburg, New York, favorable to the conspirators' real estate project, and then took steps to make it look like the registrants were living in Bloomingburg long enough to be eligible to vote when in fact they were not.  Put another way, defendant and his co-conspirators schemed to steal an election, so as to ensure that a multi-million dollar real estate project would get built.  On January 24, 2019, the Court sentenced defendant to three months' imprisonment followed by one year of supervised release, as well as a $2,500 fine.  The Court ordered defendant to surrender for the service of his sentence on April 30, 2019.

On February 8, 2019, defendant filed a notice of appeal.  (Doc. #135).  On March 22, 2019, nearly two months after he was sentenced, defendant moved for bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1).  (Doc. #136).  The government opposes the motion on the ground that defendant failed to identify a substantial question of law likely to result in the reversal of his conviction.  (Doc. #138).

For the following reasons, defendant's motion for bail pending appeal is GRANTED.

As a preliminary matter, defendant entered an unconditional guilty plea here, which ordinarily would bar any non-jurisdictional appeal of his conviction. United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003); accord United States v. Calderon, 243 F.3d 587, 590 (2d Cir. 2001); United States v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996). Indeed, at the time of the guilty plea, defendant specifically acknowledged that by pleading guilty he was waiving his right to appeal the Court's pretrial ruling that denied his motion to dismiss on the ground that the indictment failed to state a federal offense. Defendant nonetheless argues his claims on appeal "[implicate] the jurisdiction of the federal courts over [this] case." (Def. Br. at 7). The Court is highly dubious that any claim identified in the instant motion would implicate federal court jurisdiction. The Second Circuit has framed similar challenges to an indictment as non-jurisdictional, and thus, non-appealable after a guilty plea. See United States v. Rubin, 743 F.3d 31, 35 (2d Cir. 2014) (finding "a district court has 'jurisdiction' even where an indictment alleges conduct that does not state an offense under the statute purportedly violated").

Importantly (and surprisingly), however, the government does not directly challenge defendant's assertion that his appeal implicates the Court's jurisdiction; it simply concedes that an appeal relating to jurisdiction would not be foreclosed. (Gov't Br. at 10).[1] Ultimately, of course, the Second Circuit will decide whether the guilty plea precludes defendant's appeal.

In light of the government's failure to contest appealability, the Court reaches the merits of defendant's motion.

Under 18 U.S.C. § 3143(b)(1), the release of a defendant pending appeal is required if the Court finds first, by clear and convincing evidence, that the defendant is not likely to flee or pose

---

[1] Specifically, the government states that "such an appeal would not be foreclosed by the appeal waiver in the Plea Agreement." (Gov't Br. at 10). However, that appeal waiver relates to an appeal of the sentence imposed, not to whether the unconditional guilty plea waives any non-jurisdictional defects relating to the conviction itself.

a danger to any other person or the community, and second, that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a reversal or a new trial. See United States v. Randell, 761 F.2d 122, 124 (2d Cir. 1985). A substantial question of law "is one of more substance than would be necessary to a finding that it was not frivolous." Id. at 125 (citing United States v. Giancola, 754 F.2d 898, 900–01 (11th Cir. 1985)). In other words, "[i]t is a 'close' question or one that very well could be decided the other way." Id.

Defendant satisfies these elements.

As to the first element, the Court finds, by clear and convincing evidence, that defendant is not likely to flee or pose a danger to any other person or the community.

As to the second element, the Court finds the appeal is not for purposes of delay and that the principal question on appeal—whether the indictment in this case charges a federal crime—is a substantial question of law. In his motion to dismiss, defendant argued that 52 U.S.C. § 10307(c)—the federal election statute he was charged with conspiring to violate—does not apply to him because he conspired to submit false and paid-for voter registrations to rig a local election, not a federal election. The Court rejected this argument, noting that other courts have found Section 10307(c) applies to any corrupt act that affects the voter registration process. See, e.g., United States v. Lewin, 467 F.2d 1132, 1136 (7th Cir. 1972); United States v. Cianciulli, 482 F. Supp. 585 (E.D. Pa. 1979). Even if the false and paid-for voter registrations here sought to influence an election which featured no federal officials on the ballot, those registrations created an eligibility to vote in future federal elections. Thus, defendant's conduct exposed future federal elections to the possibility of corruption.

The Court stands by this ruling, and is confident the Circuit—if it decides to reach the question notwithstanding defendant's unconditional guilty plea—will agree. However, because

3

there is no Second Circuit precedent addressing whether submitting and buying false voter registrations under 52 U.S.C. § 10307(c) with an intent to influence a local election constitutes a federal crime, the Circuit could decide differently.

Having found the question to be a substantial one, the only remaining issue is whether the question is "so integral to the merits of the conviction . . . that a contrary appellate holding is likely to require the reversal of the conviction or a new trial." United States v. Randell, 761 F.2d at 125. A contrary appellate holding would require reversal of defendant's conviction and the dismissal of all the counts in the original and superseding indictments.

Accordingly, defendant's motion for bail pending appeal is GRANTED.

Defendant is continued on bail pending appeal on the existing conditions of release, with the following proviso: Absent further order of this Court, if defendant's conviction is affirmed by the Second Circuit, defendant is ordered, within 45 days of that affirmance, to surrender to the United States Marshal for this district for the service of his sentence; or, if a petition for rehearing is filed, defendant is ordered, within 45 days of the denial of that petition, to surrender to the United States Marshal for this district for the service of his sentence.

The Clerk is instructed to terminate the motion. (Doc. #136).

Dated: April 4, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge
